UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHOICE SCOTT,

Plaintiff,

- against -

BRIAN FISCHER; GLENN GOORD; RICHARD de SIMONE; AUDREY THOMPSON; and JOHN DOES, Nos. 1-10 (members of the New York State Department of Correctional Services whose names are presently unknown to plaintiff),

Defendants.

**COMPLAINT**

**Jury Trial Demanded**

07CV11303 (NRB)(THK)

ECF Case

Plaintiff CHOICE SCOTT by the undersigned counsel, alleges as follows:

## NATURE OF ACTION

1. This is an action to recover money damages arising out of the violation of rights secured to plaintiff under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. §§ 1983 and 1988.

3. Venue is proper in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b) inasmuch as a substantial part of the events or omissions giving rise to the subject of this action occurred in this district.

## PARTIES

4.  Plaintiff CHOICE SCOTT is a resident of Bayonne, New Jersey.

5.  Defendant BRIAN FISCHER is presently Commissioner of the New York State Department of Correctional Services. Defendant Fischer actively participated, directly or indirectly, in the unlawful actions described below. Defendant Fischer is being sued in his individual capacity.

6.  Defendant GLENN GOORD was formerly Commissioner of the New York State Department of Correctional Services. Defendant Goord actively participated, directly or indirectly, in the unlawful actions described below. Defendant Goord is being sued in his individual capacity.

7.  Defendant RICHARD de SIMONE is Associate Counsel in Charge of the Office of Sentencing Review of the New York State Department of Correctional Services. Defendant de Simone actively participated, directly or indirectly, in the unlawful actions described below. Defendant de Simone is being sued in his individual capacity.

8.  Defendant AUDREY THOMPSON is a Parole Officer with the New York State Division of Parole. Defendant Thompson actively participated, directly or indirectly, in the unlawful actions described below. Defendant Thompson is being sued in her individual capacity.

9.  JOHN DOES, NOS. 1-10 (the "Doe defendants") are, and were at all relevant times herein, agents, employees, officers, and servants of the New York State Department

of Correctional Services. All Doe defendants actively participated, directly or indirectly, in the unlawful actions described below. All Doe defendants are being sued in their individual capacities.

10. At all relevant times herein, the above defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the New York State Department of Correctional Services and New York State Division of Parole and otherwise engaged in conduct incidental to the performance of their lawful functions in the course of their duties. At all relevant times herein, the above defendants were acting for and on behalf of the New York State Department of Correctional Services and New York State Division of Parole, with the power and authority vested in them as agents, employees, officers, and servants of those state agencies.

11. At all relevant times herein, the above defendants acted jointly and in concert with each other. Each defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

12. On July 12, 1999, plaintiff pled guilty to Attempted Robbery in the Second Degree in the Supreme Court of the State of New York, County of New York.

13. On August 17, 1999, the Honorable Charles Solomon, a Justice of the Supreme Court of the State of New York, sentenced plaintiff to a determinate three-year term of

imprisonment -- the sentence promised plaintiff under a plea bargain agreement.

14. On about July 1, 2002, a few days before her release from prison, plaintiff learned -- for the very first time -- that she was subject to mandatory post-release supervision for a period of five years.

15. Individuals subject to mandatory post-release supervision must comply with various conditions imposed by the New York State Division of Parole -- conditions which may include curfews, travel restrictions, substance abuse testing and treatment, and placement in residential treatment facilities. N.Y. Penal Law § 70.45(1). Violation can result in re-incarceration for the remaining supervision period. N.Y. Penal Law § 70.45(2).

16. On information and belief, defendants Fischer, Goord, de Simone, and the Doe defendants adopted, approved, and/or ratified the imposition of mandatory post-release supervision on individuals such as plaintiff sentenced to determinate terms of imprisonment in New York State courts but not sentenced to mandatory post-release supervision.

17. On about March 12, 2004, defendant Thompson recommended the issuance of a parole violation warrant to arrest plaintiff for failure to comply with the conditions of her mandatory post-release supervision.

18. On October 10, 2006, plaintiff was arrested in Jersey City, New Jersey and held for extradition. On October 30, 2006, plaintiff was extradited to New York and transferred to Riker's Island Correctional Facility.

19. From October 30, 2006 until late January, 2007, plaintiff was held at Riker's

Island Correctional Facility. Plaintiff then was transferred to Bedford Hills Correctional Facility. Plaintiff was held at the latter facility until released on August 7, 2007, after a state court judge granted a writ of habeas corpus.

20. As a direct and proximate result of defendants' actions, plaintiff was deprived of her liberty for approximately ten months, lost almost all contact with her infant child during that time, and sustained mental pain and suffering.

## FIRST CLAIM FOR RELIEF

### (Section 1983 Due Process Claim)

21. Plaintiff repeats and realleges paragraphs 1 through 20 as if fully set forth herein.

22. Defendants, acting in concert and within the scope of their authority, deprived plaintiff of her liberty without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

## JURY DEMAND

23. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants:

a. Compensatory damages in an amount to be determined at trial;

b. Punitive damages in an amount to be determined at trial;

    c. Reasonable attorney's fees and the costs of this litigation; and

d. Such other relief as this Court shall consider to be fair and equitable.

Dated: New York, New York
December 17, 2007

Respectfully submitted,

Robert T. Perry

ROBERT T. PERRY (RP-1199)
350 Broadway, Suite 1207
New York, New York 10013
(212) 219-9410

Attorney for Plaintiff

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on 19

Dated,

Yours, etc.,

*Attorney for*

*Office and Post Office Address*

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named Court, at

on 19
at M.
Dated,

Yours, etc.,

*Attorney for*

*Office and Post Office Address*

To

Attorney(s) for

Index No. Year 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHOICE SCOTT,

Plaintiff,

– against –

BRIAN FISCHER; GLENN GOORD; RICHARD de SIMONE; AUDREY THOMPSON; and JOHN DOES, Nos. 1-10 (members of the New York State Department of Correctional Services whose names are presently unknown to plaintiff),

Defendants.

COMPLAINT

ROBERT T. PERRY
*Attorney for* Plaintiff
*Office and Post Office Address, Telephone*
350 Broadway, Suite 1207
New York, New York 10013
(212) 219-9410

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated,

..............................................................

Attorney(s) for